UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELVIN J. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0749 (PLF) |
| | ) | |
| EDWARD F. REILLY, JR. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff, a District of Columbia prisoner, claims that the defendants – members of the United States Parole Commission ("USPC") and a parole examiner – violated the Constitution's *ex post facto* clause during his parole proceedings. He seeks monetary damages, a declaration that his rights were violated and an injunction compelling a new parole hearing under the proper guidelines. Defendants move to dismiss under Rule 12(b)(2), (b)(4), (b)(5) and (b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the parties' submissions, the Court finds that plaintiff's claims for declaratory and injunctive relief are moot and his damages claim is foreclosed by defendants' immunity. The Court therefore will grant defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

I. BACKGROUND

Plaintiff is serving a 45-year prison sentence imposed in 1993 by the Superior Court of the District of Columbia following his conviction for manslaughter and threatening to

injure a person.  Compl. at 3.  The conviction resulted from an incident on January 1, 1992.  *Id*.

In December 2001 and February 2005, defendants, applying USPC guidelines established in

2000 for D.C. Code offenders, denied parole to plaintiff and scheduled a parole rehearing for

February 2010.[1]  *Id*. at 5.  Plaintiff filed this action in April 2009 to prevent defendants from

applying the 2000 parole guidelines to him and to compel their use of guidelines that were in

effect at the time of the underlying crimes in 1992.  On July 22, 2009, plaintiff appeared for a

parole hearing where defendants applied guidelines that were in effect in 1987 and 1991.  The

USPC had yet to render a final decision at the conclusion of the parties' briefing of the pending

motion.  *See* Def.'s Reply at 2, n.1.

## II.  DISCUSSION

Plaintiff's claims for declaratory and injunctive relief are moot because the parole

hearing conducted on July 22, 2009, provided the equitable relief sought from the complaint.  *See*

*Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) ("A case is

moot when 'the challenged conduct ceases such that there is no reasonable expectation that the

wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any

effectual relief whatever to the prevailing party.' " ) (quoting *United States v. Philip Morris USA,

Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009)) (other citation omitted); *Fletcher v. United States

Parole Commission*, 550 F. Supp. 2d 30, 44 (D.D.C. 2008) ("A case is considered moot either

---

[1]  The USPC assumed authority over parole determinations of District of Columbia prisoners in August 1998.  *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (acknowledging new law transferring parole authority from the former D.C. Board of Parole); *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 68-73 (D.D.C. 2008) (discussing original and revised regulations and guidelines).

when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Sellmon v. Reilly*, 551 F. Supp. 2d 66, 84 (D.D.C. 2008) ("Were these plaintiffs to prevail in their *ex post facto* challenge, they would gain at most a new parole hearing. . . .") (citation and internal quotation marks omitted).

As for the damages claim, defendants are absolutely immune from this lawsuit predicated on acts taken in their "quasi-judicial" or "quasi-legislative" capacity. *See Fletcher v. United States Parole Commission*, 550 F. Supp. 2d at 40 ("This Circuit has expressly held that absolute immunity shields agency officials from a *Bivens* action that is based on the promulgation of unconstitutional regulations.") (citing *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 394-95 (D.C. Cir. 1983)); *see also Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009) ("[A]bsolute immunity has been extended to cover executive branch officials who perform either quasi-judicial functions that are " 'functionally comparable' to th[ose] of a judge. . . . ") (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978) (citing hearing examiners and administrative law judges)); *Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 242, n.13 (D.D.C. 2008) (noting cases granting quasi-judicial absolute immunity to probable cause hearing examiners and parole commissioners); *compare Atherton*, 567 F.3d at 683-84 (rejecting absolute immunity claim where court official "was not involved in the resolution of any factual or legal issue; and her responsibilities did not involve handling any pleadings, disputes, or controversies of law."); *with* 28 C.F.R. § 2.80(o)(3)-(4) ("[A] hearing examiner shall first review

the case on the record [and] evaluate the prisoner's case using the 1987 Board guidelines. . . .").[2]

For the foregoing reasons, defendants' motion to dismiss under Rule 12(b)(6) is granted. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 9, 2010

---

[2] Plaintiff sues Parole Examiner Jacqueline Wynn for "apply[ing] the USPC's regulations and guidelines when examing [sic] Plaintiff for parole eligibility and release during his last parole hearing in 2005." Compl. at 6, ¶ 7. Even if Wynn's functions are not quasi-judicial, defendants argue correctly that she would be shielded by qualified immunity because it was not clearly established in 2005–nor is it today– that the Commission's retroactive application of its guidelines violated the *ex post facto* clause. Rather, such a determination depends on the facts of the particular case. *See Sellmon v. Reilly*, 551 F. Supp. 2d at 84 ("To prevail on an ex post facto claim . . . plaintiffs [some of whom were granted relief] must demonstrate that *as applied to their individual cases*, the 'practical effect' of the application of the federal parole standards and/or the 2000 Guidelines was a 'substantial risk' of lengthier incarceration.") (following *Fletcher v. Reilly*, 433 F.3d 867, 877 (D.C. Cir. 2006)) (emphasis supplied); *Taylor v. Craig,* 2009 WL 900048, at *3 (S.D.W.Va., Mar. 24, 2009) (Southern District of West Virginia acknowledging in this plaintiff's habeas action there that "[his] ex post facto argument presents a thorny question for which there is no clear consensus among authorities.") (footnote omitted).